IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN E. TUCKER, | ) | |
|     Petitioner, | ) | No. 3:20-CV-810-S (BH) |
| vs. | ) | (No. 3:97-CR-337-K-1) |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
|     Respondents. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant findings and applicable law, the complaint received on April 7, 2020 (doc. 3), should be construed as a petition for writ of error coram nobis and **DENIED** with prejudice. The petitioner's civil claims should be **DISMISSED**.

## I.     BACKGROUND

In this civil action, Karen E. Tucker (Petitioner) again challenges her federal conviction and long-completed sentence in Cause No. 3:97-CR-337-K-1 in the Northern District of Texas. The named respondents are the United States of America and the "Secretary Agency of Health and Human Services of the United States of America" (Respondents). (doc. 3 at 1.)

Initially indicted on October 8, 1997, Petitioner was ultimately charged in a third superseding indictment on November 18, 1998, with conspiracy to commit frauds and swindles in violation of 18 U.S.C. § 371 (count one); frauds and swindles in violation of 18 U.S.C. § 1341 (counts two through nine) and in violation of 18 U.S.C. §§ 1341, 3147 (count twenty-one); health care fraud in violation of 18 U.S.C. § 1347 (counts ten through twenty); money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (counts twenty-two and twenty-three); and money laundering involving interstate commerce in violation of 18 U.S.C. § 1957 (counts twenty-four

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for findings, conclusions, and recommendation.

and twenty-five). (*See* docs. 1, 152.)² She pled guilty to the charge of health care fraud in count sixteen on December 22, 1998, and on March 10, 1999, she was sentenced to three years of probation and ordered to pay restitution in the amount of $26,402.07. (*See* docs. 156-59, 172-73.)

Petitioner filed her first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on November 16, 1999, and an evidentiary hearing concerning her claims was ultimately conducted on May 14-15, 2001. (*See* docs. 175, 182, 186, 197-98.) On November 13, 2001, it was recommended that the motion be denied. (*See* doc. 200.) Petitioner's objections to the recommendation were overruled, the motion was denied, and judgment was entered on December 13, 2001. (*See* docs. 204-06; *see also Tucker v. United States*, No. 3:99-CV-2599-R, 2001 WL 1613796 (N.D. Tex. Dec. 13, 2001).) She appealed the judgment to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) on January 2, 2002, and it denied her a certificate of appealability on April 9, 2002. (*See* docs. 209, 212.)

On May 17, 2007, Petitioner appealed the final judgment in her criminal case. (*See* doc. 213.) The Fifth Circuit dismissed the appeal as untimely. (*See* doc. 222.)

Petitioner filed a second motion to vacate sentence under § 2255 on December 21, 2012. (*See* doc. 225.) By judgment dated January 16, 2013, the motion was determined to be successive and transferred to the Fifth Circuit, which denied her a certificate of appealability. (*See Tucker v. United States,* No. 3:12-CV-5229-K-BN (N.D. Tex.), docs. 8-11.) Petitioner filed a notice of appeal on February 15, 2013. (*See id.*, doc. 13.) She also subsequently filed several motions in the district court while the appeal was pending, and by order dated April 29, 2013, she was warned that she would be subjected to sanctions if she continued to file frivolous documents in her criminal and § 2255 cases. (*See id.*, doc. 20.) The Fifth Circuit found that § 2255 relief was no longer

---

² Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, No. 3:97-CR-337-K-1.

available to Petitioner because she was no longer in custody, and it vacated the district court's transfer order and transferred the case back to the district court for consideration of the § 2255 motion as a coram nobis petition. (*See id.*, doc. 21.) Finding that the petition was an attempt to argue claims that were raised or could have been raised in her initial § 2255 motion, on May 8, 2013, the district court denied the coram nobis petition for failure to demonstrate extraordinary circumstances. (*See id.*, docs. 22-23.) It again warned that if she filed another pleading directly or collaterally attacking her 1999 conviction, sanctions could be imposed. (*See id.*, doc. 22.)

Petitioner moved for reconsideration of the denial on May 9, 2013, and she filed an amended petition for writ of coram nobis on May 24, 2013. (*See id.*, docs. 29-30.) Both were denied by order dated June 28, 2013. (*See id.*, doc. 31.) The denial of her initial petition for writ of coram nobis was affirmed on appeal on February 20, 2014. (*See id.*, docs. 33-34.)

Petitioner now claims in numerous iterations that she, as a:

> pro se plaintiff that did not commit any of the acts charged; states, "a claim for equitable tolling 4(a)(4)(vi), actual innocence, factual innocence, ineffective assistance of counsel, unjust enrichment, miscarriage of justice; new evidence establishing actual innocence; involuntary guilty plea, violation of her right against self-incrimination, suppression of evidence, falsification of evidence, unjust enrichment unfair trade and deceptive practice, breach of contract, illegal exaction, taking of claims Fifth Amendment, unjust conviction, unconstitutional conviction" and deprivation of due process 42 U.S. Code § 1983 Civil action for deprivation of rights; Brady vs. Maryland, FTCA, Bivens vs. Six; Tucker Act, Contract Dispute Act and taking of claims Fifth Amendment against the United States Government Defendant(s) who are federal officers who are acting in the color of federal authority in violation of the U.S. Constitution by federal officers acting owes Plaintiff money; claim payments, damages, compensatory damages, treble damages, restitution, restoration to pre-trial conditions; relief, alternative relief, and extraordinary relief that invalidate, set aside, vacate and dismiss the Northern District Court of Texas Dallas clearly erroneous Rule 52 (a) erred count 16 Zala Farley October 21, 1996 $75 dollar claim payment that newly discovered evidence discovered due to due diligence and excusable neglect Rule 60 (b) (1).

(*Tucker v. United States,* No. 3:20- CV-810-S-BH (N.D. Tex.), doc. 3 at 2.)

Citing "clear and convincing newly discovered evidence," Petitioner purports to file this

3

action under Fed. R. Civ. P. 60(b) to show that she is innocent of the count to which she pled guilty and of which she was convicted. (*Id.*, doc. 3 at 1.) In addition to again challenging the validity of her conviction, her 200+ page complaint alleges violation of her constitutional rights, invokes a litany of civil statutes and regulations, asserts a multitude tort and contract claims, and seeks monetary compensation and declaratory relief based on her conviction. (*See id.*, docs. 3, 3-1, 3-2, 3-3, 3-4.)

## II. CORAM NOBIS

Because Petitioner is attacking her federal conviction and sentence for fundamental errors, and she is no longer in custody, her filing is construed as a petition for a writ of error coram nobis. (*See* No. 3:20-CV-810-S-BH, docs. 3, 3-1, 3-2, 3-2, 3-4.) An individual may file a petition for a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a),[2] in the court in which she was convicted. *See United States v. Morgan*, 346 U.S. 502, 504 (1954); *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). A writ of error coram nobis is a remedy of last resort for persons who are no longer in custody pursuant to a criminal conviction and therefore unable to pursue direct review or seek collateral relief by filing a petition for a writ of habeas corpus. *See United States v. Hatten*, 167 F.3d 884, 887 n.6 (5th Cir. 1999). "[T]he writ of *coram nobis* is an extraordinary remedy to correct errors of the most fundamental character." *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004) (internal quotation marks and citation omitted) (emphasis in original). "A writ of *coram nobis* will issue only when no other remedy is available and when sound reasons exist for failure to seek appropriate earlier relief." *Id*. (internal quotation marks and citations omitted) (emphasis in original). "Where a petitioner is still in federal custody,

---

[2] Section 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

relief from a prior invalid conviction must be sought by means of § 2255; for coram nobis survives only to the extent that it has not been replaced by statute and, therefore, is open to a prisoner only when his statutory remedies are unavailable or inadequate." *Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973). "Further, the 'regurgitation' of claims previously presented in a § 2255 motion, or the presentation of claims that reasonably could have been so raised, does not amount to 'the necessary showing of a complete miscarriage of justice'" to warrant coram nobis relief. *United States v. Deberry*, 481 F. App'x 885, 886 (5th Cir. 2012) (quoting *Esogbue*, 357 F.3d at 535).

Here, Petitioner has not satisfied her burden to show that she is entitled to the extraordinary remedy of coram nobis relief. Her current constitutional challenges to her conviction and sentence were previously known to her and were presented in her initial § 2255 motion, her untimely appeal, or her second § 2255 motion, which was considered as a coram nobis petition and denied. (*See* docs. 175, 213, 225; No. 3:12-CV-5229-K-BN, docs. 22-23.) Because Petitioner is again attempting to relitigate claims that were already raised and litigated in her prior post-judgment filings, she is not entitled to the remedy of coram nobis, and the petition should be denied.

### III.  CIVIL CLAIMS

As discussed, Petitioner's 200+ page complaint also invokes a litany of civil statutes and regulations, asserts a multitude of tort and contract claims, and seeks to recover monetary damages based on her conviction. (*See* No. 3:20-CV-810-S-BH, docs. 3, 3-1, 3-2, 3-3, 3-4.)

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing

*Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). The recommendation of a United States Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the petitioner to object to it satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

Rule 12(b)(6) allows dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a petitioner must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

6

>unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When petitioners "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

### A. Contract Claims

Petitioner appears to allege various breach of contract claims against Respondents under the Tucker Act, 28 U.S.C. § 1491, the Little Tucker Act, 28 U.S.C. § 1346, and the Contract Disputes Act (CDA), 41 U.S.C. § 7101 *et seq.* (*See, e.g.*, No. 3:20-CV-810-S-BH, doc. 3 at 2, 16-18, 30; *id.*, doc. 3-1 at 21, 24; *id.*, doc. 3-2 at 1, 42-43.) She also appears to allege a violation of the Takings Clause of the Fifth Amendment under the CDA. (*See, e.g.*, *id.*, doc. 3 at 2, 30, 40.)

The Tucker Act waives the sovereign immunity of the United States for contract claims. *See* 28 U.S.C. § 1491(a)(1). It provides, in relevant part, that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States. . . ." *Id.* Under the Little Tucker Act, district courts have concurrent jurisdiction over claims upon express or implied contracts "not exceeding $10,000 in amount[.]" 28 U.S.C. § 1346(a)(2). Consequently, when a plaintiff seeks a judgment in excess of $10,000 on a contract with the United States, "the Court of Federal Claims has exclusive jurisdiction." *Patterson v. Spelling*, 249 F. App'x 993, 996 (5th Cir. 2007) (citing *Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986) (Scalia, J.)). Plaintiffs bear "the burden of alleging that their claims do not exceed the $10,000.00 jurisdictional limit

established by the Tucker Act." *Enplanar, Inc. v. Marsh*, 829 F. Supp. 848, 851 (S.D. Miss. 1992) (citing cases), *aff'd*, 25 F.3d 1043 (5th Cir. 1994).

The CDA "is a comprehensive statutory scheme for resolving contractual conflicts between the United States and government contractors." *United Stats v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (internal quotation marks and citations omitted). Under the CDA, "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision," each claim shall be in writing, and a contractor may file an administrative appeal of an adverse decision on a claim or directly file suit in the United States Court of Federal Claims (Court of Federal Claims). 41 U.S.C. § 7103(a); *see also Renda Marine*, 667 F.3d at 655-56.

Here, to the extent the Tucker Act and the CDA may apply to claims raised in the complaint, the Court of Federal Claims has exclusive jurisdiction over them. Further, although Petitioner also alleges contract claims under the Little Tucker Act, under which concurrent jurisdiction with the Court of Federal Claims would exist, her complaint expressly seeks to recover, at minimum, "loss of money in the sum of $1,652,000," legal costs of $150,000 plus interest, restitution of $26,402, and $75,000 per month from May 1996 to March 2020. (*See, e.g.*, No. 3:20-CV-810-S-BH, doc. 3 at 24, 28; *id.*, doc. 3-1 at 27; *id.*, doc. 3-3 at 48.) Because these amounts far exceed the $10,000 limit for jurisdiction over contract claims under the Little Tucker Act, she has failed to establish jurisdiction under the Little Tucker Act. *See Enplanar, Inc.*, 829 F. Supp. at 852-53 (dismissing claims for lack of subject-matter jurisdiction where the plaintiff failed to allege damages within the jurisdictional limits of the Little Tucker Act). Accordingly, any contract claims under the Tucker Act, the Little Tucker Act, and the CDA should be dismissed for lack of subject-matter jurisdiction.

**B.     Civil Rights**

Petitioner's complaint alleges civil rights violations under 42 U.S.C. §§ 1983, 1985, 1986 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See, e.g.*, No. 3:20-CV-810-S-BH, doc. 3 at 2, 25, 53; *id.*, doc. 3-1 at 24.)   The Fifth Circuit "has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity"; the same is true for federal agencies. *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) (citing *Unimex, Inc. v. United States Dep't of Housing and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979)).  Petitioner's claims are therefore fairly interpreted as arising only under *Bivens*. *See Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M-BH, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) ("Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a *pro se* plaintiff.") (citation omitted).

A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities; it does not provide for a cause of action against the United States. *Affiliated Prof'l Home Health Care Agency*, 164 F.3d at 286.  Nor may a *Bivens* action be brought against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *Moore v. United States Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995). Claims against federal employees in their official capacities based on alleged constitutional violations are also barred under *Bivens* because they are equivalent to claims against the federal agencies who employ those employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). This is because the purpose of a *Bivens* cause of action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001).  Here, Petitioner names only two Respondents: the United States and the "Secretary Agency of Health and Human

9

Services of the United States of America." (No. 3:20-CV-810-S-BH, doc. 3 at 1.) Any *Bivens* against the United States, the United States Department of Health and Human Services (HHS), or the Secretary of HHS in his official capacity, are barred.[3]

To the extent Petitioner sues the Secretary of HHS in his individual capacity, a *Bivens* action must be premised upon the personal involvement of the Secretary. *See Meyer*, 510 U.S. at 485 (explaining that it "must be remembered that the purpose of *Bivens* is to deter *the officer*."); *Guerrero-Aguilar v. Ruano*, 118 F. App'x 832, 833 (5th Cir. 2004) (per curiam). Under *Bivens*, an individual cannot be held liable under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. Instead, a supervisory federal employee and/or official may be held liable only where he has personal involvement in the acts that caused the deprivation of a constitutional right or if he implements or enforces a policy that causally results in a deprivation of constitutional rights. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010); *Cronn v. Buffington*, 150 F.3d 538, 544-45 (5th Cir. 1998). Here, Petitioner has not alleged either personal involvement by the HHS Secretary or that he implemented a policy that causally resulted in the violation of her constitutional rights. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (recognizing that supervisory liability exists without overt personal involvement if supervisory officials implement a deficient policy that is the moving force behind a constitutional violation). Any *Bivens* claims against the HHS Secretary in his individual capacity therefore should also be dismissed.

**C.     FTCA and APA**

Petitioner also appears to allege claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, and the Administrative Procedures Act (APA), 5 U.S.C. § 702 *et seq.*[4] (*See,*

---

[3] It is unclear whether Petitioner intended to name the federal agency of HHS or the Secretary of HHS as a respondent in this action.

[4] Petitioner's tort claims against Respondents include fraudulent inducement, unjust enrichment, fraud and

*e.g.*, No. 3:20-CV-810-S-BH, doc. 3 at 2, 16, 25; *id.*, doc. 3-1 at 11-16.)

"The FTCA is a limited waiver of sovereign immunity that allows a suit against the United States only when the plaintiff has 'first exhausted his administrative remedies.'" *Jenkins v. TriWest Healthcare All.*, No. 22-30429, 2023 WL 1814885, at *1 (5th Cir. Feb. 8, 2023). It "is the *only* means by which a claimant may assert a claim against the Government based on tort. It does not enable a party to recover based on a separate, independent statute." *Escamilla v. United States*, No. EP-14-CV-00546-FM, 2015 WL 12734050, at *3 (W.D. Tex. Jan. 29, 2015) (citations omitted) (emphasis in original). It also has a two-year statute of limitations from the accrual date of the cause of action, i.e., "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ramming v. United States,* 281 F.3d 158, 162 (5th Cir. 2001); *see also Lonero v. United States*, No. 22-10317, 2022 WL 3544401, at *2 (5th Cir. Aug. 18, 2022); 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review," however. 5 U.S.C. § 704. The statute of limitations under the APA is six years from the accrual of a claim. *See Ades v. United States*, No. 22-10044, 2022 WL 1198206, at *1 (5th Cir. Apr. 22, 2022) ("an 'APA challenge is governed by the general statute of limitations provision of 28 U.S.C. § 2401(a), which provides that every civil action against the United States

---

constructive fraud, negligence and gross negligence, fraudulent and negligent misrepresentation, and false statements. (*See, e.g.*, No. 3:20-CV-810-S-BH, doc. 3 at 28.; *id.*, doc. 3-2 at 28-29.)

is barred unless brought within six years of accrual.'") (quoting *Dunn-McCampbell Royalty Int'l, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286-87 (5th Cir. 1997)). For purposes of accrual of a claim under § 2401(a), the Fifth Circuit applies "the standard rule that a cause of action first accrues when the plaintiff has a complete and present cause of action. Stated another way, accrual occurs when the plaintiff can file suit and obtain relief." *Doe v. United States*, 853 F.3d 792, 801 (5th Cir. 2017).

Here, Petitioner alleges: "I am the Plaintiff without a final determination letters [sic] not able to vindicate either claim for benefits or procedural claims. Accordingly, exhaustion would be futile." (No. 3:20-CV-810-S-BH, doc. 3 at 40.) Because she does not allege exhaustion under the FTCA, or a final agency action made reviewable by statute under the APA, there is no subject-matter jurisdiction for her claims. Further, even if her allegations may be liberally construed as alleging exhaustion under the FTCA, and final agency action under the APA, her claims would fail as time-barred because they are based on her 1999 conviction, and because the same factual bases underlying the claims in her current complaint were raised in her untimely appeal in 2007, and in her second § 2255 motion in 2012, over 13 years and 7 years, respectively, before she filed this complaint. (*See* docs. 213, 225.)

Additionally, given her repeated arguments and filings for relief on the same factual bases, she has failed to carry her burden to show the existence of any extraordinary circumstances warranting equitable tolling of any claims under the FTCA or APA. *See Doe*, 853 F.3d at 802 ("Generally, in determining if equitable tolling is appropriate, we focus the inquiry 'on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights.'") (citation omitted); *Lonero*, 2022 WL 3544401, at *2-3 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Accordingly, Petitioner's claims under the FTCA and APA should be dismissed.

**D.     Other Civil Statutes**

Petitioner also appears to raise claims under Title XVIII of the Social Security Act (Medicare Act), 42 U.S.C. § 1395 *et seq.*, the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119 (2010), and the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 41 *et seq.* (*See, e.g.*, No. 3:20-CV-810-S-BH, doc. 3 at 2, 24, 40; *id.*, doc. 3-1 at 11.) She has not identified any provision of these Acts that provides a private cause of action for any of the claims she alleges against Respondents in this action. *See, e.g.*, *Taylor v. St. Clair*, 685 F.2d 982, 988 (5th Cir. 1982) ("It has, of course, been established that the Social Security Act affords no private right of action.") (citing *Maine v. Thiboutot*, 448 U.S. 1 (1980); *Edelman v. Jordan*, 415 U.S. 651 (1974)); *Mosser v. Aetna Life Ins. Co.*, No. 4:15-cv-00430-ALM-KPJ, 2018 WL 5728529, at *11 (E.D. Tex. Sept. 7, 2018) (citing cases rejecting a finding of a private right of action to enforce certain ACA provisions); *Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 835 (5th Cir. 2021) (stating that "Congress's omission of a private right of action in the [FTC Act] controls," and citing cases).

Because Petitioner has not shown that any private causes of action under these statutes exist for the claims raised in her complaint, any claims under these statutes should be dismissed.

**E.     Criminal Statutes**

Petitioner also appears to allege claims for violations of criminal statutes, including the "Health Care Fraud Act" and 18 U.S.C. § 1001.[5] (*See, e.g.*, No. 3:20-CV-810-S-BH, doc. 3 at 25; *id.*, doc. 3-1 at 28.)

Criminal statutes cannot be enforced in a civil action. *See Florance v. Buchmeyer*, 500 F.

---

[5] Petitioner's references to the "Health Care Fraud Act" appear to refer to the criminal statutory provision for health care fraud set forth in 18 U.S.C. § 1347. (*See, e.g.*, doc. 3 at 28.)

Supp. 2d 618, 626 (N.D. Tex. 2007). "Private citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003)). Because 18 U.S.C. §§ 1001 and 1347 are criminal statutes, do not provide a civil cause of action, and may not be enforced by Petitioner, she fails to state a claim under these statutes. To the extent she seeks to assert a claim under a federal criminal statute, such claims should be dismissed.

## IV.   RECOMMENDATION

The complaint received on April 7, 2020 (doc. 3), should be construed as a petition for writ of error coram nobis and **DENIED** with prejudice. Petitioner's civil claims under the Tucker Act, the Little Tucker Act, the Contract Disputes Act, the Federal Tort Claims Act, and the Administrative Procedures Act should be **DISMISSED** for lack of subject-matter jurisdiction, and her remaining civil claims should be **DISMISSED** with prejudice for failure to state a claim. Petitioner should again be warned that sanctions may be imposed if she files any further challenges to her 1999 conviction, including monetary sanctions and an order barring her from filing any civil actions in this Court without obtaining prior authorization.

**SO RECOMMENDED** on this 31st day of March, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE